UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU, | No. 2:23-cv-02215-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| IU MIEN CHURCH, et al., | |
| Defendants. | |

Plaintiff, Taifusin Chiu, proceeds without counsel on a complaint filed on October 4, 2023. (ECF No. 1.) This matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's complaint (ECF No. 1) is before the court for screening.

Plaintiff also requests to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, and the request to proceed in forma pauperis is granted. For the reasons set forth below, the complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint.

I.     SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

1

---

1 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II.   ALLEGATIONS IN THE COMPLAINT

The complaint does not contain discernable factual allegations in support of a cause of action and does not specify the relief plaintiff seeks. (See generally, ECF No. 1.) The complaint names Iu Mien Church (entered on the docket as Lu Mien Church), The President of the United States, and Donald Trump as defendants. (Id.) The complaint appears to be titled "Medal of Honor versus Purple Heart" and mentions "President Show Down" in several places. (Id.) The complaint, or the final exhibit attached to the complaint, concludes as follows:

> You didn't free all debt and I win you as highest achievement and obtain Medal of Honor award.
>
> The case is closed and remove and clearance as highest achievement and obtain Medal of Honor award.

(Id. at 14.)

## III.   PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to

allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## IV. THE COMPLAINT MUST BE DISMISSED

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and only hear cases authorized by the Constitution or a statutory grant. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing subject matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. Id. If subject matter jurisdiction is lacking, the court must dismiss the suit. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3). In addition, those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). Plaintiff's complaint fails to establish the court's subject matter jurisdiction over an actual case or controversy and must be dismissed on that basis.

### B. Failure to Comply with Rule 8

In addition to the jurisdictional defect, the complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) and (d)(1). Though artistically presented, the complaint does not satisfy the standard of Rule 8, which provides, in relevant part, as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). A complaint that fails to comply with Rule 8 is subject to dismissal. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

In order to give the defendants fair notice of the claims, a complaint must state the factual allegations "plainly and succinctly." Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the complaint does make clear "who is being sued for what" and therefore fails to give fair notice of the claims. See Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000); McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Guidelines for an Amended Complaint

Because the complaint fails to set forth a basis for jurisdiction and does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, the complaint must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified herein. In any amended complaint, plaintiff must allege with at least some degree of particularity overt acts which a defendant or defendants engaged in that support plaintiff's claim. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

## V. CONCLUSION AND ORDER

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court is directed to change the spelling of the first defendant from "Lu Mien Church" to "Iu Mien Church."

2. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

////

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  October 30, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
chiu.23cv2215.scrn